## CIRCUIT COURT OF GREENE COUNTY

Commonwealth of Virginia

    v.

Clayton Gibson

Commonwealth of Virginia

    v.

Curtis E. Gibson, Jr.

September 19, 2006

BY JUDGE DANIEL R. BOUTON

### *Restitution Obligation*

I have now had an opportunity to study the evidence that was developed at the sentencing hearing on the above referenced issue. I have also given consideration to the arguments that support the respective positions. The court has determined that the amount of restitution in both criminal cases will be $152,905.10. I set forth below the court's rationale.

To begin with, it should be noted that the total amount of the economic loss sustained by the victim in all likelihood exceeds $152,905.10. The court must also stress that it believed Mr. Killmon when he testified at the sentencing hearing; the court found him to be a credible, honest witness. Nevertheless, the court concludes that the restitution figure is appropriate for a number of reasons.

First, the evidence before the court on the total amount of the loss is difficult to reconcile. The figures come from different sources, and there is considerable variation among them. In analyzing the evidence, different results

that are equally plausible and defensible can be reached. Thus, any figure above $152,905.10 would arguably constitute an arbitrary choice or an estimate that is no more than compelling than any other amount selected by the court.

Second, the court has wide discretion in ascertaining the proper amount of restitution in criminal cases. The rights of victims can and should be weighed fairly and impartially in the exercise of such discretion. However, the court's function at sentencing in criminal cases is different from its role in civil cases where damages are claimed by a litigant. Here, for the court to arrive at a figure that would be analogous to the actual loss sustained by the victim, a lengthy, comprehensive evidentiary hearing would be necessary. At such a hearing, the court would have available multiple witnesses to testify regarding the figures; the testimony might include a report and a professional opinion from an expert, such as a forensic accountant. Such evidence would not be expected at a criminal sentencing hearing because the court's function is not to decide with precision the amount of a civil damage award.

The final reason why the figure of $152,905.10 is appropriate is because it was computed by the Virginia State Police in connection with these cases. It represents an amount that experienced, competent law enforcement investigators provided to the Commonwealth's Attorney as part of their investigation of these crimes. Thus, it is a figure that is reliable and reasonable. Furthermore, no argument that challenges the reasonableness of this amount has been advanced by either defendant.

The last issue that the court will address is the method of payment. As noted at the sentencing hearing, the restitution obligation of the defendants shall be joint and several. The court directs that the restitution be paid on a schedule fixed by the probation department. However, regardless of the amount of any regular payments, the schedule shall require that each defendant pay a minimum of $15,000.00 per year on the restitution obligation. Moreover, the entire remaining balance of the restitution must be paid in full by the end of the five-year period of probation. The amount must be completely satisfied before the defendants can be released from supervised probation. This plan will give some appropriate flexibility to the probation department in setting up a specific schedule that takes into account the individual financial circumstances of each defendant. At the same time, the plan will provide for a minimum amount that must be paid each year; it will also place the burden on the defendants to satisfy the obligation in full before the expiration of five years.